OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

In re Application of Salisbury.
[Cite as In re Application of Salisbury (1994), Ohio St.3d .]
Attorneys at law -- Misconduct -- Indefinite suspension --
    Suspension to terminate upon compliance with condition set
    by the Board of Commissioners on Character and Fitness,
    followed by further review by the board to determine
    character and fitness to practice law.
    (No. 93-2173 -- Submitted March 22, 1994 -- Decided June 8, 1994.)

On Report by the Board of Commissioners on Character and Fitness, No. 90.

On March 30, 1987, Elizabeth A. Salisbury of Parma Heights, Ohio, Attorney Registration No. 0043631, filed with the Supreme Court of Ohio an application for registration as a candidate for admission to the practice of law. Salisbury represented that she had not been a party to legal proceedings and that she had not been treated for mental illness in response to questions on the application. She made the same representations in her application to take the bar examination.

Salisbury received her law degree on May 14, 1989. She passed the July 1989 bar examination and was admitted to the practice of law in November of that year.

In a letter dated June 29, 1991, Salisbury confessed to the Board of Commissioners on Character and Fitness that she had been charged with a shoplifting offense in 1987 after stealing a package of cheese. She explained to the board that the charge had been dismissed and expunged from her record, but that she had failed to disclose it on her application to take the bar exam and had recently realized her obligation to do so. Salisbury also advised that she suffered from bulimia, and she attributed her shoplifting in part to this eating disorder. The board referred Salisbury's letter to a review subcommittee, which considered the matter and notified her in September 1991 that it would take no further action.

In October 1992, Salisbury wrote to the board again and disclosed two other shoplifting incidents that had occurred prior to the incident in 1987, both of which she said she had

intended to reveal if the board had held a hearing in response to her previous letter. One incident occurred in Pennsylvania in 1986, when Salisbury attempted to return for cash a stolen item worth less than fifteen dollars. She was charged with a summary theft offense and paid a fine. The other incident occurred in 1984, when Salisbury stole a package of candy bars from an Ohio store. She was not charged with a criminal offense.

Salisbury's new disclosures prompted the board to investigate pursuant to its authority under Gov.Bar R. I, Section 9(B)(2)(e). In November 1992, the board appointed a panel to hear the matter, and the panel asked the Cuyahoga County Bar Association to conduct an investigation and file a report. Salisbury confirmed the three shoplifting incidents and the circumstances surrounding them during an interview with members of the Joint Committee on Bar Admissions of the Cleveland Bar Association and the Cuyahoga County Bar Association. The interviewers reported this and their suspicions that Salisbury might require professional counseling.

The panel provided the bar associations' committee report to Salisbury and suggested that she present evidence to substantiate her recovery from the medical problems she suffered in the past. Salisbury appeared at the hearing scheduled for her case on June 11, 1993, and she testified about the three shoplifting incidents and her eating disorder, but she did not submit any medical or other evidence. The Cuyahoga County Bar Association presented a summary report prepared by a psychologist who had counseled Salisbury while she attended law school and testimony from a managing partner in the law firm that formerly employed Salisbury.

The evidence presented to the panel substantiated Salisbury's failure to disclose on her Ohio bar application her involvement in legal proceedings and psychological counseling during her last year of law school for bulimia, mild anxiety and depression. Salisbury explained that she read the question about "legal proceedings" very narrowly and considered only one of the shoplifting incidents relevant, and that she had not initially appreciated her obligation to reveal that incident after the charge was dismissed and expunged. She said she had not disclosed her counseling sessions because she did not consider herself to be a victim of mental illness and did not consider the sessions to be treatment for mental illness, although she admitted frequent episodes of shoplifting throughout high school, college, and law school and that she continues to suffer from bulimia. In her defense, Salisbury emphasized that she had come forward voluntarily to confess her nondisclosures; however, she also admitted that her conscientiousness was motivated, in part, by her impending search for new employment, and her fear that the past incidents might be disclosed by others.

The panel also inquired about Salisbury's family and educational background. Salisbury had consistently excelled in academics, and she described her childhood as happy. However, Salisbury attributed her bulimia to some sort of family conflict and reluctantly mentioned that she had been involuntarily committed to the Cleveland Clinic by her father for a night in 1992, an event that she did not disclose during

the bar association interview.  The panel was concerned enough about Salisbury's condition that it retained the services of a psychiatrist to evaluate her.  Salisbury scheduled but did not keep appointments with the psychiatrist.

Based on the foregoing, the panel found that Salisbury had failed to truthfully complete her bar applications and had not sufficiently demonstrated the integrity necessary for the practice of law.  The panel suggested, however, that Salisbury's capacity for full disclosure of her shoplifting and eating disorder might be attributable to her psychological condition.  Thus, the panel recommended that Salisbury's license to practice law be suspended pending a thorough psychological evaluation and, if necessary, treatment, to be followed by further review by the board to determine her character and fitness to practice law.  The board adopted the panel's findings of fact and conclusions of law.

Elizabeth A. Salisbury, pro se.
Morton S. Negin, for Cuyahoga County Bar Association.

Per Curiam.  We concur in the board's finding and its recommendation.  Accordingly, we order that Elizabeth A. Salisbury be suspended for an indefinite period from the practice of law in Ohio.  This suspension is to terminate upon a showing of her compliance with the condition set by the board, followed by further review by the board of her character, fitness, and moral qualifications for admission to the practice of law.

Judgment accordingly.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick and F.E. Sweeney, JJ., concur.

Pfeifer, J., dissents and would instead refer this matter to Disciplinary Counsel.